PATRICK J. LEONARD vs. WILLIAM L. WOLFRAM.

The provision of the 28th section of title 56 of the Revised Statutes of 1866, and which has been in force since 1744, that no appeal shall be allowed in an action brought by an officer on a receipt for property attached, is repealed by the later acts regulating appeals, of 1868, 1871, and 1873.

ASSUMPSIT by an officer on a receipt for attached property, appealed by the defendant from the judgment of a justice of the peace to the Court of Common Pleas of Fairfield County. In this court the plaintiff moved that the cause be stricken from the docket, on the ground that, under the statute (Gen. Statutes, tit. 56, sec. 28,) it was not appealable, and the court (*Brewster, J.,*) having ordered it erased from the docket, the defendant brought the record before this court by a motion in error.

*Lockwood* and *M. W. Seymour*, for the plaintiff in error.

*Fox*, for the defendant in error.

PHELPS, J.   Section twenty-eight of title fifty-six of the Revised Statutes of 1866 provides that in an action brought by an officer on a receipt taken by him for property attached no appeal shall be allowed from the judgment that shall be rendered in the cause.

In this case the plaintiff brought his action on such a receipt before a justice of the peace and demanded damages in the amount of fifty dollars.  The cause was tried without a jury and judgment was rendered for the plaintiff for twenty-six dollars damages, and an appeal to the Court of Common Pleas was moved for by the defendant and allowed.  In that court the plaintiff made a motion to erase the cause from the docket on the ground that the appeal was improperly allowed, which was granted, and it is assigned for error that the Court of Common Pleas mistook the law in deciding that the justice court erred in allowing the appeal.

The provision in question was incorporated into the statutes of this state in 1744, and has ever since continued in force unless it has in express terms or by implication been repealed by some enactment subsequent to that of 1866.

By the second section of chapter ninety-nine of the Acts of 1868 it is provided that " in all actions except in those of summary process brought before a justice of the peace, where the matter in demand, if the action be tried to the court, shall exceed the sum of fifteen dollars, and if tried to the jury shall exceed the sum of thirty-five dollars, an appeal shall be had and allowed from the final judgment rendered therein, to either party, to the Superior Court, upon giving bond with surety as now provided by law."

By the application of this language to all actions but those in summary process, and specially excepting those, the legislature could hardly have employed words more explicit to indicate their intention that no others should be excepted.

In chapter seventy-five of the Acts of 1871 they reiterated that intention, by enacting that " in all actions excepting those in summary process brought before a justice of the peace an appeal shall be had and allowed from the final judgment rendered therein, to either party, to the Court of Common Pleas in counties where such a court is established, and to the Superior Court in all other counties, upon giving bond with surety as now provided by law." And by the second section all existing inconsistent acts are expressly repealed.

There is here the repeal by clear implication and superadded to it that by express and unequivocal words.

And again, by undoubted implication at least, if not expressly, in the second section of chapter thirty-six of the Acts of 1872, wherein it is enacted that " all causes in which the debt, trespass, damage, or other matter in demand does not exceed one hundred dollars, shall be heard and determined by a justice of the peace, subject to the right of appeal ;" with a saving in a following section in favor of pending suits and of the jurisdiction of certain named inferior courts.

In view of these repeated and decisive enactments we can

entertain no doubt that the justice court properly allowed the appeal, and that the Court of Commou Pleas erred in erasing the cause from its docket.

In this opinon the other judges concurred.